No. 17-0276 – <u>State of West Virginia v. Donald P. Cookman</u>

**FILED**

**April 27, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, Justice, dissenting:

I would affirm the circuit court's March 21, 2017, order that ruled that the petitioner must serve the remainder of his new five-year probationary period. It is clear from the record that the petitioner's new five-year period was not an extension of his original probation, but rather a separate and distinct sentence. As such, the petitioner's probationary period does not exceed the statutory limit set forth in West Virginia Code § 62-12-11.

At the hearing on the revocation of the petitioner's original period of probation, the petitioner's attorney stated as follows:

> [W]e are in agreement that the Court can find that [the petitioner was required to pay full restitution prior to the expiration of his probation] and that has not been satisfied. It was a condition of the original probation and that he has complied with all other conditions of his probation according to the State and to his probation officer, but because of the full restitution issue the Court would revoke his probation, sentence him to the suspended sentence – one-year sentence for one of the suspended sentences. Then we are going to move for a motion to – make a motion to reconsider. The Court would grant that motion and place Mr. Cookman on another term of probation of five years with the understanding that if he makes full restitution prior to that time, the Court would entertain a petition to early terminate his probation, and also that he would continue to make payments at a minimum of 20 percent of his gross earnings during the extended period of his probation.

1

It is evident that the petitioner intended to have his original probation revoked, to be sentenced, and then for the circuit court to reconsider the sentence and place the petitioner on probation. To that end, the circuit court's April 1, 2016, order

> revoke[d] Defendant's supervised probation and sentence[d] the Defendant to a term of incarceration. That the Defendant would move the Court to suspend imposition of Defendant's sentence upon his second conviction for Petit Larceny. Specifically, that the remainder of Defendant's one (1) year determinate jail sentence, for the second Petit Larceny conviction, be suspended. Furthermore, Defendant would tender to the Court payment in the amount of $53,748.40, making the total paid to the victims to date $170,498.40, leaving $118,497.20 to be paid.

Significantly, the petitioner's original probationary period was revoked. Only after the revocation did the circuit court grant a new, independent, and discrete probationary period to the petitioner. As a result, the new five-year period of probation was not an unlawful extension of his original period of probation under West Virginia Code § 62-12-11, but rather a separate and distinct sentence.

By ignoring the record of the proceedings below, the majority has allowed the petitioner to manipulate our justice system. Notably, the petitioner's plea agreement provided that he would make full restitution to the victims of his crimes. The petitioner failed to pay full restitution during his original five-year probationary period. He then requested the circuit court to grant him a new five-year probationary period in lieu of incarceration in order to continue paying restitution. Upon receiving a new five-year probationary period that he requested, the petitioner immediately challenged the

probationary period as being in violation of our law. Such legal gamesmanship should not be permitted, especially at the expense of the victims of the petitioner's crimes. For these reasons, I would affirm the circuit court's order. Accordingly, I respectfully dissent.